People v Sanders (2022 NY Slip Op 03770)

People v Sanders

2022 NY Slip Op 03770

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

111571
[*1]The People of the State of New York, Respondent,
v
Travon J. Sanders, Appellant.

Calendar Date:May 20, 2022

Before:Garry, P.J., Clark, Colangelo, Ceresia and Fisher, JJ.

Terrence M. Kelly, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered May 14, 2019, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.
Defendant was indicted and charged with attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. After considering his options, defendant pleaded guilty to the entire indictment with the understanding that he would be sentenced — upon each count and as a second felony offender — to a prison term of no more than 10 years followed by five years of postrelease supervision, said sentences to run concurrently. County Court imposed, for each conviction, a concurrent prison term of 10 years followed by five years of postrelease supervision, and this appeal ensued.
Defendant, as so limited by his brief, argues only that the concurrent sentence imposed was unduly harsh and severe. We disagree. Prior to pleading guilty, defendant was apprised that the minimum period of imprisonment that could be imposed upon a second felony offender convicted of attempted murder in the second degree and assault in the first degree was eight years (see Penal Law §§ 70.02 [1] [a], [b]; 70.06 [6] [a]; 110.00, 120.10 [1]; 125.25 [1]), and that the corresponding minimum period of imprisonment for a second felony offender convicted of criminal possession of a weapon in the second degree was five years (see Penal Law §§ 70.02 [1] [a], [b]; 70.06 [6] [b]; 265.03 [1] [b]). Defendant was also well aware of the contemplated terms of imprisonment, and the concurrent sentence imposed by County Court was within the permissible statutory ranges. Upon reviewing defendant's criminal history and taking into consideration all of the relevant factors (see People v Lancaster, 200 AD3d 1352, 1356 [2021], lv denied 38 NY3d 951 [2022]), we do not find the sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]).
Garry, P.J., Clark, Colangelo, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.